# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| NORTH TEXAS CAPITAL PARTNERS, LP | § § § | |
| v. | § § § | CIVIL ACTION NO. 3:24-CV-2419-S |
| CARL DORVIL | § § | |
| | § | |
| IN RE: | § § | BANKRUPTCY CASE NO. 23-30771-SGJ7; 23-03053-SGJ |
| CARL GERARD DORVIL | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the Memorandum Opinion and Order Granting Both: (I) Debtor's Motion to Strike Plaintiff's Summary Judgment Evidence; and (II) Debtor's Motion for Summary Judgment in Dischargeability Action ("Summary Judgment Opinion") and the Final Judgment entered by the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court") in an adversary proceeding between Appellant North Texas Capital Partners, LP ("NTCP") and Appellee Carl Dorvil. *See* Notice of Appeal and Statement of Election ("Notice of Appeal") [ECF No. 1-1] 1-2. The Court has reviewed and considered the Brief of Appellant, North Texas Capital Partners, LP ("Appellant's Brief") [ECF No. 4], the Brief of Appellee, Carl Dorvil ("Appellee's Brief") [ECF No. 7], the record on appeal ("Record") [ECF No. 3], and the applicable law. For the following reasons, the Court **AFFIRMS** the Summary Judgment Opinion and Final Judgment.

## I. BACKGROUND

This case has a lengthy history. The Court recounts below only the facts relevant to this appeal. In April 2016, NTCP sued Dorvil in state court for breach of a management agreement. R. 9. Eventually, the parties began settlement negotiations in that case. *Id.* at 10. Under a proposed

settlement agreement, Dorvil, the founder of GEX Management, Inc. ("GEX"), would transfer 90,000 shares of GEX in exchange for NTCP dismissing its lawsuit. *Id.* at 9-10. However, GEX's shares increased in value, and Dorvil's attorney withdrew the offer to settle for 90,000 shares. *Id.* at 10.

In 2017, NTCP filed a second state court lawsuit against Dorvil, GEX, and related entities, alleging that a settlement agreement existed and that Dorvil breached it. *Id.* at 11. The state court set the case for trial in 2023. *Id.* at 12. Dorvil and his attorney failed to appear for trial. *Id.* Subsequently, the state court proceeded with a bench trial with only NTCP present. *Id.* The court entered judgment in NTCP's favor but did not issue findings of fact and conclusions of law. *Id.* at 14.

Shortly after the trial, Dorvil filed for Chapter 7 bankruptcy in the Bankruptcy Court. *Id.* NTCP then commenced the underlying adversary proceeding, in which it sought to have Dorvil's debt under the state court judgment declared nondischargeable. *Id.* at 7, 15. Under the Bankruptcy Code, debtors may not discharge debts for money "obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). According to NTCP, Dorvil's debt should not be discharged because Dorvil made false representations and defrauded NTCP in connection with the settlement agreement at issue in the state court case. R. 15. Specifically, Dorvil allegedly misrepresented that he owned shares of GEX that he could transfer to NTCP. *Id.* at 16. Dorvil moved for summary judgment, arguing, among other things, that NTCP lacked evidence of fraud. *Id.* at 17. In connection with its response to the motion, NTCP filed objections to Dorvil's summary judgment evidence. *Id.* at 429-43.

On August 6, 2024, the Bankruptcy Court heard oral argument on Dorvil's summary judgment motion. *Id.* at 20. The Bankruptcy Court engaged in an extended discussion about fraudulent misrepresentations, during which it repeatedly asked NTCP's counsel to point to

2

misrepresentations made by Dorvil. *Id.* at 672-75 at 38:19-41:12. NTCP pointed to emails and deposition testimony in which Dorvil's state court counsel offered 90,000 GEX shares in exchange for dismissal of the original state court case. *Id.* at 673 at 39:18-25, 675 at 41:2-11. The Bankruptcy Court also pressed NTCP's counsel on the significance of the fact that the purported settlement agreement under Texas Rule of Civil Procedure 11 was not signed. *Id.* at 675 at 41:12-14, 676 at 42:22-24. NTCP's counsel responded that the emails submitted as summary judgment evidence adequately established offer and acceptance. *Id.* at 675 at 41:15-22, 675-76 at 41:24-42:4, 676 at 42:10.

At the end of the hearing, the Bankruptcy Court overruled NTCP's evidentiary objections, concluding that all of the challenged evidence was capable of being presented in an admissible form at trial. *Id.* at 681 at 47:17-22. The Bankruptcy Court also granted Dorvil's summary judgment motion because, among other things, NTCP had presented no evidence creating a genuine fact issue as to fraud. *Id.* at 681-82 at 47:23-48:6. The Bankruptcy Court later entered the Summary Judgment Opinion memorializing its oral rulings. *Id.* at 6-39.

In the Summary Judgment Opinion, the Bankruptcy Court noted that its ruling was "without prejudice to [Dorvil] filing a separate pleading seeking damages for violation of the [Bankruptcy Court's Order of Discharge]." *Id.* at 39. The Bankruptcy Court then entered the Final Judgment, which stated that the Bankruptcy Court "retain[ed] jurisdiction to consider any request by [Dorvil] for sanctions or an award of fees." *Id.* at 4-5.

On September 25, 2024, NTCP's Notice of Appeal was filed in this Court. In Appellant's Brief, NTCP designated the following issues for appeal:

1. The Bankruptcy Court erred by improperly applying Federal Rule of Civil Procedure 56(c)(1)(A) in admitting Dorvil's summary judgment evidence over NTCP's objections.

2. The Bankruptcy Court erred by ruling that the fraudulent representations relied upon by NTCP must necessarily have been made directly by Dorvil himself, and could not have been made by Dorvil's attorney on his behalf.

3. NTCP raised a material issue of fact regarding its cause of action for fraud.

4. The Bankruptcy Court's Final Judgment is inconsistent with its Summary Judgment Opinion in that the Summary Judgment Opinion reserved jurisdiction for future findings of "damages" while the Final Judgment reserved jurisdiction for future findings of "sanctions and attorneys' fees."

Appellant's Br. viii.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). When reviewing a bankruptcy court's decision, the "district court functions as a[n] appellate court and applies the standard of review generally applied in federal court appeals." *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103-04 (5th Cir. 1992) (citation omitted). "[R]eviewing courts—district and courts of appeals alike—must accept the findings of fact of the bankruptcy court unless the findings are clearly erroneous." *Coston v. Bank of Malvern* (*In re Coston*), 987 F.2d 1096, 1098 (5th Cir. 1992) (citation omitted). "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003) (internal quotation marks and citation omitted). Conclusions of law and mixed questions of law and fact are reviewed de novo. *Lavie v. Ran* (*In re Ran*), 607 F.3d 1017, 1020 (5th Cir. 2010) (citation omitted); *Cowin v. Countrywide Home Loans, Inc.* (*In re Cowin*), 864 F.3d 344, 349 (5th Cir. 2017) (citation omitted).

## III. ANALYSIS

### A. NTCP's Evidentiary Objections

NTCP first argues that the Bankruptcy Court erred when it admitted Dorvil's summary judgment evidence over NTCP's objections. Appellant's Br. 7-9. According to NTCP, the

4

Bankruptcy Court improperly put the burden on NTCP "to defend the admissibility of its opponent's summary judgment evidence." *Id.* at 9. District courts review bankruptcy courts' evidentiary rulings under an abuse of discretion standard. *G.H. Leidenheimer Baking Co. v. Sharp* (*In re SGSM Acquisition Co.*), 439 F.3d 233, 239 (5th Cir. 2006) (citation omitted). The Court, having reviewed the Bankruptcy Court's evidentiary rulings, finds no abuse of discretion.[1] Therefore, the Court affirms the Bankruptcy Court's admission of Dorvil's summary judgment evidence.

### B. Fraud

Because NTCP's second and third issues both challenge the Bankruptcy Court's conclusion that there was no evidence of fraud, the Court considers them together. In its second issue, NTCP argues that the Bankruptcy Court erred in requiring that Dorvil himself, rather than his counsel, made the alleged fraudulent misrepresentations. Appellant's Br. 10-14. NTCP characterizes the challenged decision as an "evidentiary ruling," *id.* at 13; however, it does not appear that the Bankruptcy Court made any rulings with respect to the emails and deposition testimony that NTCP offered in support of its argument.[2] *See* R. 675 at 41:2-12 (exchange at motion hearing between NTCP's counsel, who argued that "the representation by Dorvil through his attorney" served as evidence of fraud or a misrepresentation, and the Bankruptcy Court, which responded, "Okay.");

---

[1] NTCP argues that a manifest error standard applies. Appellant's Br. viii. Even if the Court applied that standard, its ruling would not change, as it concludes the Bankruptcy Court's rulings did not amount to manifest error.

[2] To the extent NTCP instead contends that the Bankruptcy Court should have allowed it to submit additional evidence of statements by Dorvil's counsel, the Court finds neither abuse of discretion nor manifest error in the Bankruptcy Court's decision not to do so. *See* Appellant's Br. 13 ("[T]he [Bankruptcy] Court failed to inquire into, or otherwise receive, any evidence regarding whether or not Dorvil's state court counsel acted in the absence of fraud, or was otherwise not authorized to make the 90,000 share offer on [Dorvil's] behalf." (citation omitted)).

*id.* at 680-81 at 46:21-47:1 (Bankruptcy Court granting Dorvil's motion to strike "just" the state court's findings of fact and conclusions of law and a single sentence in an affidavit).

In its third issue, NTCP states that it raised a genuine issue of material fact on its fraud claim because Dorvil misrepresented his ownership of GEX shares and the contingent nature of his offer, which induced NTCP to enter into the purported settlement agreement. Appellant's Br. 14-17. NTCP also appears to argue that the Bankruptcy Court erred by concluding that no settlement agreement existed under Texas Rule of Civil Procedure 11. *Id.* at 14.

The Court has reviewed the relevant portion of the Summary Judgment Opinion, in which the Bankruptcy Court determined that: (1) NTCP produced no evidence that the challenged statements—regardless of who made those statements—were material misrepresentations; and (2) the evidence supported a finding of opportunistic breach, not fraud. R. 36-39. Further, the Bankruptcy Court held that Dorvil produced evidence conclusively negating NTCP's assertion that he committed fraud in the settlement negotiations. *Id.* at 38. Reviewing the underlying findings of fact for clear error and the conclusions of law de novo, the Court discerns no error in the Bankruptcy Court's decision to grant summary judgment to Dorvil.

### C. Inconsistency Between Final Judgment and Summary Judgment Opinion

Finally, NTCP contends that the Summary Judgment Opinion and Final Judgment are inconsistent because the Summary Judgment Opinion retained jurisdiction to consider damages, while the Final Judgment retained jurisdiction to consider sanctions or an award of fees. Appellant's Br. 17-20. NTCP asks the Court to "reform the [Final] Judgment to correctly reflect the [Summary Judgment Opinion]." *Id.* at 20. For the reasons set forth in Appellee's Brief, *see* Appellee's Br. 30-32, the Court concludes that the two documents are consistent with one another. As such, the Court declines to reform the Final Judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Memorandum Opinion and Order Granting Both: (I) Debtor's Motion to Strike Plaintiff's Summary Judgment Evidence; and (II) Debtor's Motion for Summary Judgment in Dischargeability Action and the Bankruptcy Court's Final Judgment.

**SO ORDERED.**

SIGNED July 18, 2025.

_____

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

7